UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID A. SILVIA, | : | |
|         Plaintiff, | : | |
| | : | |
|     v. | : | C.A. No. 18-517WES |
| | : | |
| STATE OF RHODE ISLAND | : | |
| DEPARTMENT OF HUMAN SERVICES | : | |
| and COURTNEY HAWKINS, | : | |
|         Defendants. | : | |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

It is black letter law that a federal court has a continuing duty to inquire as to its subject

matter jurisdiction, even absent a motion. McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); In

re Whatley, 396 F. Supp. 2d 50, 53 (D. Mass. 2005). Plaintiff David A. Silvia's recent filing

entitled Complaint for a Civil Action – Review of Hearing Decision, ECF No. 6, necessitated a

review of the Court's subject matter jurisdiction in this matter.

On September 24, 2018, the Court screened Mr. Silvia's complaint and granted his

Application to Proceed without Prepayment of Fees and Affidavit. See ECF Nos. 1 & 2; Text

Order of Sept. 24, 2018. Based on his complaint, the Court was under the impression that Mr.

Silvia, the *pro se* plaintiff in this matter, was the claimant requesting review of the Rhode Island

Department of Human Services administrative hearing decision regarding his eligibility start date

for Supplemental Nutrition Assistance Program ("SNAP") benefits. In his complaint and civil

cover sheet, Mr. Silvia clearly identified himself as the sole plaintiff and signed the complaint as

the only plaintiff.

Mr. Silvia's recent filing, however, indicates that he is not the claimant seeking review of

an administrative hearing decision, but rather was the claimant's (Kenneth Almeida) "appointed

representative who appeared on his behalf at the hearing." ECF No. 6 at 1. Mr. Silvia appears to want to represent Mr. Almeida in this federal action based on his statements in his October 16 filing, including that Mr. Silvia is "requesting this Court to review this decision, and seek Relief for the Claimant [Kenneth Almeida] which would have been the total of SNAP benefits from 07-31 January, 2018 and 01-05 February, 2018." ECF No. 6 at 1. There is nothing in the document to indicate that Mr. Silvia seeks any relief for himself. Further, the Court has reexamined the complaint and attachments and Mr. Almeida's name and address are printed at the top of the August 17, 2018, Administrative Hearing Decision, although that is the only place in the entire twenty-one-page filing where Mr. Almeida is mentioned. See ECF No. 1-1 at 1. It is now clear that Mr. Almeida is the claimant seeking this Court's review of the administrative hearing decision, not Mr. Silvia.

Mr. Silvia is not an attorney, but is a *pro se* litigant. Therefore, he may not represent or file motions on behalf of other individuals. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); DRI LR Gen 205(a)(2) ("[a]n individual appearing pro se may not represent any other party"). Accordingly, Mr. Silvia cannot represent Mr. Almeida's interests in this case.

Going one step further, this Court does not have jurisdiction over this case with Mr. Silvia as the plaintiff. Federal courts have jurisdiction to hear and determine only "cases or controversies." U.S. Const. art. III, § 2. They are "without power to decide questions that cannot affect the rights of litigants in the case before them." Scallop Shell Nursing & Rehabilitation v. Gaffett, No. CA 13-471 ML, 2013 WL 5592736, at *4 (D.R.I. Oct. 10, 2013) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)). "An actual case or controversy

exists only when the party asserting federal court jurisdiction establishes 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends.'" <u>Vangel v. Aul</u>, No. CA 15-43L, 2015 WL 5714850, at \*3 (D.R.I. June 19, 2015), <u>R & R adopted</u>, No. CA 15-43L, 2015 WL 5714855 (D.R.I. Sept. 29, 2015) (quoting <u>Katz v. Pershing, LLC</u>, 672 F.3d 64, 71 (1st Cir. 2012)). Mr. Silvia does not have a personal stake in the outcome of this Court's review of Mr. Almeida's administrative hearing decision; Mr. Almeida (or an attorney acting for him) is the one who may file an action on his own behalf. Mr. Silvia's complaint fails to establish a case or controversy and, therefore, should be dismissed based on the Court's lack of subject matter jurisdiction.

Based on the foregoing, I recommend that Mr. Silvia's complaint be summarily dismissed without prejudice. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. <u>See</u> Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. <u>See</u> <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 19, 2018