```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                               )
DAVID A. SILVIA,               )
        Plaintiff,             )
                               )
    v.                         )    C.A. No. 18-517-WES
                               )
STATE OF RHODE ISLAND          )
DEPARTMENT OF HUMAN            )
SERVICES; and COURTNEY         )
HAWKINS,                       )
        Defendants.            )
_____)
```

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration of Order Accepting the Report and Recommendation (ECF No. 13). For the reasons stated herein, Plaintiff's motion is denied.

I.  Factual and Procedural Background

Plaintiff, a non-lawyer, filed a Complaint on behalf of Kenneth Almeida, requesting that this Court review the Rhode Island Department of Human Services' administrative hearing decision regarding Almeida's eligibility start date for Supplemental Nutrition Assistance Program ("SNAP") benefits. Plaintiff's Complaint was referred to Magistrate Judge Sullivan, who recommended dismissal without prejudice based on her findings that: (1) Silvia did not have standing to bring the case, having suffered no injury himself; and (2) Silvia, as a non-lawyer, was not authorized to represent another pro se litigant in federal

court under 28 U.S.C. § 1654 or DRI LR Gen 205(a)(2). (See generally R. & R., ECF No. 7.) This Court agreed and accepted the R. & R. in a text order dated November 19, 2018. That same day, Plaintiff filed a belated objection[1] to the R. & R., stating:

> Being PRO-SE I am not an attorney, however my intent was not to litigate this concern, as my intent was to address what I felt is a bias hearing [sic] on behalf of the RI DHS/EOOH. If I have made a mistake, I request guidance as how to correct this, as should I include Mr. Almeida as a Plaintiff? I was his appointed representative which allowed me to argue this matter before the hearing officer, I also have his POA. Please advise me if I can change the Plaintiff responding?

(Pl.'s Obj. to R. & R. 1, ECF No. 12.) Thereafter, he filed a Motion for Reconsideration and a second Objection to the R. & R. (ECF No. 14), which was identical in form and substance to his first Objection.

II. Discussion

At the outset, the Court recognizes that it is federal law and the local rules of the federal district courts, not the laws of the States in which they are located, that determine who may practice in a federal court. Accordingly, the fact that the Rhode Island Short Form Power of Attorney Act ("POA Act"), R.I. Gen.

---

[1] Plaintiff contends that he mailed his objection on November 5, 2018 and attributes the belated filing to "internal problems" with the Court's administration. (Pl.'s Mot. for Recons. 1.) However, the docket reveals that the deadline for filing an objection to the R. & R. was November 2, 2018.

2

Laws § 18-16-9, permits a pro se litigant to represent the interest of another person in state judicial and administrative proceedings has no bearing on whether Silvia may represent Almeida's interests in the United States District Court for the District of Rhode Island. See R.I. Gen. Laws § 18-16-9(a)(1).

Rather it is 28 U.S.C. § 1654, DRI LR Gen 205(a)(2), and the applicable Federal Rules of Civil Procedure, which govern who may appear in this federal district court. None of these authorities allows unlicensed laypeople to represent anyone other than themselves. See, e.g., Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (Although § 1654 recognizes that an individual generally has the right to proceed pro se with respect to his own claims "[t]he statute does not permit unlicensed laymen to represent anyone else other than themselves") (quotations omitted); Benedict v. Folsted, No. CV 18-242 WES, 2018 WL 3491697, at *2 (D.R.I. July 20, 2018) ("[A] pro se plaintiff's ability to sue for anyone other than himself is expressly prohibited by the Local Rules of this Court.") (citing DRI LR Gen. 205(a)(2)).

Additionally, Silvia's power of attorney does not empower him to proceed pro se on Almeida's behalf in federal litigation. See Williams v. U.S., 477 Fed. App'x 9, 11 (3d Cir. 2012) ("Parties may proceed in federal court only pro se or through counsel. See 28 U.S.C. § 1654. [The claimant's daughter's] power of attorney for her father may confer certain decision-making authority under

3

state law, but it does not permit her to represent him pro se in federal court.")

Moreover, even where a person is a minor or legally incompetent and therefore in need of a representative to sue on his or her behalf under Federal Rule of Civil Procedure 17(c), the representative still needs to have an attorney in federal litigation. See Fed. R. Civ. P. 17(c) ("A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."); O'Diah v. Volkswagen of Am., Inc., 91 Fed. App'x 159, 160 (1st Cir. 2004)("Even assuming that [the complainant] is incompetent and needed a representative, such as his father, to sue on his behalf, see FRCP 17(c), his father would still need to be represented by an attorney."); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)(holding that a non-attorney parent must be represented by counsel when bringing an action on behalf of his child because "it is not in the interests of minors or incompetents that they be represented by non-attorneys"); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (finding that individuals not licensed to practice law may not use the "next friend" device as an artifice for the unauthorized practice of law).

Accordingly, the fact that Silvia was permitted to proceed pro se on Almeida's behalf in the administrative hearings below does not mean he can do so in the federal district court. And

while Silvia possesses a valid Power of Attorney to make decisions on Almeida's behalf, he is still not a lawyer authorized to practice in federal court.

III. Conclusion

The Court finds that there is no reason to reconsider its November 19, 2018 text order accepting the R. & R. and dismissing this case without prejudice. As the dismissal is without prejudice, Plaintiff may refile his case if and when he obtains attorney representation, subject to the applicable statute of limitations. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 13) is DENIED.

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
Chief Judge
Date:  January 8, 2019